**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMEL MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-8100 |
| | ) | |
| v. | ) | Judge |
| | ) | |
| HP53 LLC, dba A10 HYDE PARK EATERY & BAR, | ) | Magistrate Judge |
| MATTHIAS MERGES and BRIAN TIJAN, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Jamel Marshall, through his attorneys and for his complaint against Defendants HP53 LLC, dba "A10 Hyde Park Eatery & Bar," Matthias Merges and Brian Tijan (collectively, Defendants or "A10"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* (FLSA), and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay Plaintiff earned minimum wage. Defendants own and operate a restaurant under the name "A10 Hyde Park Eatery & Bar," located at 1462 East 53rd Street, Chicago. Plaintiff was employed in Defendants' restaurant as a tipped employee.

Defendants pay their tipped employees a sub-minimum hourly wage under the tip-credit provisions of the FLSA and IMWL. Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions. Defendants willfully disregarded those requirements, and thus violated

the federal and state minimum wage laws. Defendants have a policy of regularly assigning tipped employees, paid sub-minimum wages, to perform duties outside the duties of their tipped occupation. Defendants denied Plaintiff earned wages by: (a) requiring him to perform duties outside tipped occupations, including food preparation, general cleaning and silverware and glassware polishing, while paying him less than minimum wage; and (b) failing to inform him of the provisions of the tip-credit subsection of the FLSA.

**THE PARTIES**

2. Plaintiff Jamel Marshall resides in and is domiciled in Cook County, Illinois. Plaintiff Marshall was employed by Defendants as a bartender and server, and paid at the tip-credit wage rate, from approximately October 23, 2013, through April 13, 2014.

3. Defendant HP53 LLC, dba "A10 Hyde Park Eatery & Bar," is an Illinois limited liability company that owns and operates A10 restaurant.

4. Defendant Matthias Merges resides in this judicial district, is an officer of Defendant HP53 LLC, is a member of the limited liability company, HP53 Manager LLC, that manages HP53 LLC, and is involved in the day-to-day operations of A10, including establishing the policies that give rise to Plaintiff's claims.

5. Defendant Brian Tijan resides in this judicial district, is an officer of Defendant HP53 LLC, is a member of the limited liability company, HP53 Manager LLC, that manages HP53 LLC, and is involved in the day-to-day operations of A10, including establishing the policies that give rise to Plaintiff's claims.

6. At all times relevant hereto, Plaintiff was an "employee" of Defendants as defined by the IMWL, 820 ILCS 105/3(d), and the FLSA, 29 U.S.C. §203(d). Plaintiff was not exempt from the minimum wage provisions of the IMWL and the FLSA.

7. At all times relevant hereto, Defendants were "employer[s]" as defined in the IMWL, 820 ILCS 105/3(c), and the FLSA, 29 U.S.C. §203(d).

8. Defendants own and operate a restaurant in Illinois, which is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

9. Defendants' employees are engaged in interstate commerce, and their annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

10. During the course of his employment by Defendants, Plaintiff handled goods, including perishable produce and other food products, that moved in interstate commerce.

## COUNT I
### Violation of the Illinois Minimum Wage Law – Minimum Wages

11. This count arises from Defendants' willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., for their failure to pay Plaintiff all his earned minimum wages. Plaintiff is due, and has not been paid, minimum wages under the provisions of the IMWL.

12. Plaintiff was employed by Defendants as a tipped employee during the limitations period, and Defendants paid him at an hourly rate less than minimum wage.

13.     An employer may pay a tipped employee less than minimum wage, that is, take a 'tip credit,' if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c); FLSA, 29 U.S.C. §203(m). Among other requirements, the tip-credit provision does not apply unless an employee is a "tipped employee," the employer has informed the employee of the provisions of the tip credit subsection, and the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. §203(m).

14.     Although Defendants took the tip credit by paying Plaintiff less than the full minimum hourly wage, Defendants did not inform Plaintiff of the provisions of the tip credit subsection.

15.     Further, Defendants have a practice of regularly utilizing tipped employees to perform 'back of the house' duties and other work not within the scope of a tipped occupation. Thus, Defendants regularly requires servers, bartenders and other tipped employees, including Plaintiff, to perform such duties as food preparation, general restaurant cleaning, including bathroom cleaning and mopping, and polishing of glassware and silverware. Despite the fact that such duties support the general operation of the restaurant, and not a specific customer, Defendants continued to pay Plaintiff at the tip-credit wage rate while he performed non-tipped duties.

16.     Defendants' practices violate the minimum wage provisions of the IMWL and the FLSA.

17. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus additional damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A      judgment in the amount of all unpaid minimum wages due as provided by the Illinois Minimum Wage Law;

B.     prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and additional damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D.     an injunction precluding Defendants from violating the Illinois Minimum Wage Law; and

E.     such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Fair Labor Standards Act – Minimum Wages

18. Plaintiff hereby realleges and incorporates paragraphs 1 through 17 of this Complaint.

19. This count arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for their failure to pay minimum wages to Plaintiff.

20. As a tipped employee, Plaintiff was not exempt from the minimum wage provisions of the Fair Labor Standards Act.

21. Plaintiff, as tipped employee, was paid by Defendants at a tip-credit rate less than

minimum wage.

22. Although Defendants took a tip credit in paying hourly wages to Plaintiff, Defendants failed to comply with the predicate requirements under the Act. 29 U.S.C. § 203(m). Defendants failed to inform Plaintiff of the provisions of the tip-credit subsection. In addition, Defendants regularly required Plaintiff to perform certain duties, including slicing fruit, silverware and glassware polishing, and bathroom cleaning, but failed to pay him at the minimum wage rate while he performed those non-tipped duties.

23. Defendants' failure to comply with the terms of the minimum wage requirements of the FLSA regarding tip credit, and consequently, Defendants' failure to paid Plaintiff minimum wage, was a willful violation of the Act.

24. Plaintiff is due unpaid minimum wage and liquidated damages, pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. judgment in the amount of the owed minimum wages for all time worked by Plaintiff;

B. liquidated damages in an amount equal to the amount of unpaid minimum wages;

C. reasonable attorneys' fees and costs incurred in prosecuting this action; and

D. such other and further relief as this Court deems just and proper.

Dated: September 15, 2015

                                            Respectfully submitted,

                                            JAMEL MARSHALL

                                            /s/Jamie G. Sypulski

Jamie G. Sypulski                         One of the Attorneys for Plaintiff
Law Office Jamie Golden Sypulski
150 North Michigan Avenue, Suite 1000
Chicago, Illinois 60601
312/332-6202

Douglas M. Werman
Maureen A. Salas
Werman Salas, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008